IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WAYNE WHITE, | : | CIVIL NO. 1:CV-05-1992 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| RONNIE HOLT, WARDEN, | : | |
| Respondent | : | |

**MEMORANDUM AND ORDER**

John Wayne White ("White"), an inmate housed at the Federal Correctional Institution at Schuylkill, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of a 1996 conviction in the United States Court for the Western District of North Carolina.  (Docs. 1, 2).  The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (1977),[1] as it is the duty of the Court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).[2]  For the reasons outlined below, it is appropriate to deny the petition at this preliminary stage of the proceedings.

I. Background.

In 1996, White was convicted in the United States District Court for the Western District of

---

[1] Rule 4 provides, in relevant part, that the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the Petitioner.

[2] In applications for habeas corpus cases not covered by Rule 1, subdivision (a), which addresses application under 28 U.S.C. §2254, subdivision (b) provides that the rules may be applied at the discretion of the United States district court.

North Carolina of "conspiracy to possess with intent to distribute and to distribute unspecified quantities of heroin, cocaine base, cocaine powder and mariguana [sic], all in violation of 21 U.S.C. §§ 841(a)(1) and 846." According to White, "an information pursuant to 21 U.S.C. § 841(b) was filed . . . asserting that the amount of heroin involved in the conspiracy was in excess of 1 kilogram; that the amount of cocaine base . . . was in excess of 50 grams; that the amount of cocaine powder... was in excess of 100 kilograms." (Doc. 1, p. 2). He represents that he was convicted under 21 U.S.C. §§ 841(a)(1), 853. (Doc. 2, p. 2).

White then pursued a direct appeal with the Fourth Circuit Court of Appeals, and his conviction was affirmed. U.S. v. Rhynes, 196 F.3d 207 (4th Cir. 1999). In addressing the issue of the amount of drugs attributable to White, as well as his co-conspirators, and the applicable sentencing guidelines, the Fourth Circuit found as follows:

> The penalties for all such [single-drug] conspiracies are determined by § 841(b). But this section does not set any concrete, maximum sentence for all violations involving a particular drug; instead, the maximum sentences vary with the type and amount of drug in question. Accordingly, to determine the applicable maximum sentence for any defendant, the district court first had to determine how much of any drug could be attributed to that defendant. See Edwards, 523 U.S. at ---- - ----, 118 S.Ct. at 1477-78 (approving sentences set "within the statutory limits applicable to a cocaine-only conspiracy, given the quantities of that drug attributed to each petitioner"); Barnes, 158 F.3d at 666-67 (applying Orozco-Prada analysis based on amount of drugs attributable to each defendant); Dale, 178 F.3d at 433 (statutory maximum sentences depend on drug amounts disclosed by "the facts of this case"). As it must in any drug conspiracy case, the district court made such a determination here.
>
> The Presentence Investigation Reports for the defendants, which the district court adopted, attributed drugs of the following amounts and types to each defendant: (a) Willie Rhynes: 3.63 kg. of marijuana, 70.5 kg. of cocaine, 6060.49 grams of heroin, and 9.29 kg. of cocaine base; (b) Michael Rhynes: 125.61 kg. of cocaine, 528.35 grams of heroin, and 13.9 kg. of cocaine base; (c) Theodore Adams: .01 kg. of marijuana, 1056.7 grams of cocaine, 107.9 grams of heroin, and 24 oz. of cocaine base; (d) Purvis Gormley:

> 212.62 grams of cocaine, 56.7 grams of heroin, and 141.75 kg. of cocaine base; (e) John White: 1.24 kg. of heroin; (f) Lester McCoy: .5 kg. of cocaine, 8 grams of heroin, and 500 grams of cocaine base; and (g) Alexander Adams: 1.25 kg. of marijuana, 18.77 kg. of cocaine, 2.01 kg. of heroin, and 10.32 kg. of cocaine base.
>
> However, the district court did not determine whether the sentences it imposed exceeded the statutory maximum applicable to the least-punished conspiracy of which each defendant might have been convicted.
>
> The following are the maximums for the least-serious, single-drug conspiracy for which the individual defendants would have been eligible: (a) Willie Rhynes: 10 years under § 841(b)(1)(D), based on 3.63 kg. of marijuana and a prior felony drug conviction; (b) Michael Rhynes: 40 years under § 841(b)(1)(B), based on 528.35 grams of heroin; (c) Theodore Adams: 10 years under § 841(b)(1)(D), based on 01 kg. of marijuana and a prior felony drug conviction; (d) Purvis Gormley: 30 years under § 841(b)(1)(C), based on 56.7 grams of heroin and a prior felony drug conviction; (e) John White: life, as all attributable drug amounts fall under § 841(b)(1)(A); (f) Lester McCoy: 30 years under § 841(b)(1)(C), based on 8 grams of heroin and a prior felony drug conviction; and (g) Alexander Adams: 5 years under § 841(b)(1)(D), based on 1.25 kg. of marijuana.
>
> The following sentences were actually imposed on Count I: (a) Willie Rhynes: life; (b) Michael Rhynes: 360 months; (c) Theodore Adams: life; (d) Purvis Gormley: 292 months; (e) John White: 292 months; (f) Lester McCoy: 262 months; and (g) Alexander Adams: 360 months.

U.S. v. Rhynes  196 F.3d 207, 239 (4th Cir. 1999).

Some years later, White filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, asserting ineffective assistance of counsel claims and Fifth and Sixth Amendment violations. (Doc. 2, p. 3).  The motion was denied on January 5, 2004.  He filed a motion in the Fourth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244, for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255.  The motion was denied on September 1, 2005.

White then filed the present petition pursuant to 28 U.S.C. § 2241 claiming that § 2255 was

3

inadequate and ineffective to test the legality of his detention. He cites to In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), and Apprendi v. New Jersey, 530 U.S. 466 (2000) in arguing that his conviction was obtained with facts "by a standard lower then [sic] 'beyond a reasonable doubt.'" (Doc .1, p. 8). He complains that each element of the crime was not presented to the jury; specifically, the jury did not find beyond a reasonable doubt what amount of drugs were attributable to him. He also argues that he "may seek federal habeas corpus if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law change [sic] after the first section 2255 motion." (Doc. 1, p. 9).

II. Discussion.

It is well-established that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117 (3d Cir. 2002), citing Davis v. United States, 417 U.S. 333, 342 (1974); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Claims may not be raised in a § 2241 petition except in "unusual situation[s]" where the remedy by motion under § 2255 would be inadequate or ineffective." 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief or because the gate keeping provisions of § 2255 make it difficult to prosecute successive motions. See id. at 251. Nor do the legislative limitations, such as the statute of limitations or gate keeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251; Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997). Both the Triestman and Dorsainvil courts held that a § 2255

motion was only "inadequate and ineffective" and allowed a petitioner to bring a § 2241 habeas corpus action, where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Based on the above-quoted appellate decision, it is clear that despite White's claims to the contrary, his sentencing issues were addressed on appeal. White then had the opportunity to raise any such issues in his § 2255 motion. He fails to recognize that prior unsuccessful § 2255 motions filed in the sentencing court have been held to be insufficient in and of themselves to show that the remedy is inadequate and ineffective. Tripati v. Herman, 843 F.2d 1160, 1162 (9th Cir. 1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966)(*per curiam*). " It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986). The Third Circuit Court of Appeals has held that, as to issues cognizable by the sentencing court under §2255, a §2255 "supersedes habeas corpus and provided the exclusive remedy." *Strollo v. Alldredge*, 462 F.2d 1194, 1195 (3d Cir. 1972)*(per cuiram)*. There is no indication that the §2255 remedy was inadequate or ineffective to address White's claims.

White fares no better in arguing that he may seek federal habeas corpus relief if he had no reasonable opportunity to obtain earlier relief because the law changed after his first 2255 motion. In Blakely, the Supreme Court announced a rule that the Fifth and Sixth Amendments require that any fact that increases the punishment for an offense, regardless of whether that punishment falls below

the statutory maximum for the offense, must be found by the jury, and beyond a reasonable doubt. ___ U.S. ___, 124 S.Ct. 2531, 2537.  The Court relied on its previous decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Ring v. Arizona, 536 U.S. 584 (2002).  The hurdle faced by White is that generally the Supreme Court does not apply new rules of constitutional procedure to cases that have become final before the rule was announced.  See Schriro v. Summerlin, ___ U.S. ___, 124 S.Ct. 2519, 2523 (2004).  Every Court of Appeals to have addressed the issue thus far has concluded that the Supreme Court's sentencing decisions do not apply retroactively to cases on collateral review.  See United States v. Price, 400 F.3d 844 (10th Cir. 2005); Bey v. United States, 399 F.3d 1266 (10th Cir. 2005); Humphress v. United States, 398F.3d 855 (6th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Green v. United States, 397 F.3d 101 (2d Cir. 2005)(per curiam); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005).  This prohibition applies here. White's conviction became final on October 26, 1999.  Apprendi was decided in 2000, Ring was decided in 2002, and the Blakely decision was handed down in 2004.

   Even if White could seek relief in connection with an otherwise final conviction on the basis of any of the Supreme Court cases upon which he relies, a § 2241 petition in the district of confinement would not be the appropriate procedural mechanism for raising the issue.  In White's case, he must obtain leave of the Court of Appeals for the Fourth Circuit to file a § 2255 motion in the sentencing court.  As noted above, White has unsuccessfully filed a § 2255 motion with the sentencing court and, on at least one occasion, the Fourth Circuit has denied a motion for authorization to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244.  Section 2255 is not inadequate or ineffective merely because Petitioner is unable to meet the gate keeping requirements for filing a second § 2255 motion.

III.  Order.

**AND NOW**, this 28th day of November 2005, **IT IS HEREBY ORDERED THAT:**

1.  The Petition for Writ of Habeas Corpus is **DENIED**

2.  Petitioner's motion to expand the record (Doc. 5) is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case and **NOTIFY THE PETITIONER**.

                                       ___s/ Yvette Kane_____
                                       Yvette Kane
                                       United States District Judge